UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRONCO MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>LEFFLER,<br>MILLER,<br>PERTLE,<br>KOLARICK,<br>NEAL,<br>ADAMS,<br>CARLA COAKLEY,<br>ROHLFING,<br>IRK,<br>CARPENTER,<br>SKEEN,<br>GRANATI,<br>MICHEAL ELLIS,<br>L. VANSEN,<br>NANCE,<br>ALMSTEAD,<br><br>Defendants. | ) | No. 2:26-cv-00494-JPH-MG |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Bronco Morgan is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). On July 14, 2026, Mr. Morgan filed this civil action under 42 U.S.C. § 1983, alleging that the Defendants violated his Eighth and First Amendment rights. Dkt. 1. Because Mr. Morgan is a "prisoner," the Court must screen his complaint before the case may proceed. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Morgan's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Morgan names 16 defendants: (1) Lt. Leffler, (2) Cpt. Miller, (3) Cpt. Pertle, (4) Sgt. Kolarick, (5) Sgt. Neal, (6) Sgt. Adams, (7) Carla Coakley, (8) C.O. Rohlfing, (9) C.O. Irk, (10) C.O. Carpenter, (11) C.O. Skeen, (12) C.O. Granati, (13) Michael Ells, (14) L. Vansen, (15) Nance, and (16) C.O. Almstead. Dkt. 1. Mr. Morgan seeks damages as well as for his conduct history to be erased. *Id.* at 20.

On July 2, 2025, Mr. Morgan was moved to B-East at Wabash Valley. *Id.* at 3. Mr. Morgan immediately noticed that his cell contained "tremendous amounts of black mold," growing on the walls, the vents, the doors, the toilet, and the floor. *Id.* The mold could not be removed with the diluted cleaning supplies given to Mr. Morgan. *Id.* Also, Lt. Leffler and other officers did not give Mr. Morgan adequate cleaning supplies to remove it. *Id.* As a result, Mr. Morgan experienced chest and lung inflammation, respiratory distress, wheezing, nose bleeds, headaches, and hives. *Id.* He received some medical care, but medical staff was denied him regular breathing. *Id.* at 3–4.

In October, non-party Sgt. Elkins notified Sgt. Adams about the black mold. *Id.* at 4. Mr. Morgan also showed Sgt. Neal the black mold in his cell and he promised to put in a work order and bring him cleaning supplies. *Id.* Sgt. Neal never put in the work order or brought the cleaning supplies. *Id.* at 5. Mr. Morgan also showed C.O. Granati the black mold and C.O. Granati promised to inform his sergeant about it. *Id.*

In November, Ms. Coakley responded to one of Mr. Morgan's grievances about the black mold by saying that it is the inmate's responsibility to keep the cell clean and to prevent mold from forming. *Id.* at 6. Ms. Coakley did not investigate the grievance or account for the fact that Mr. Morgan reported that the diluted cleaning supplies did not remove the mold. *Id.* at 6–7. That same month, Mr. Ellis responded to one of Mr. Morgan's grievances by denying requested body camera footage because he did not provide a valid time frame.

*Id.* at 7. Even though Mr. Morgan disagreed with this response, he did not receive a response to his appeal. *Id.* at 8.

As of July 2026, Mr. Morgan still had black mold in his cell and continued to experience breathing issues. *Id.* at 9. At some point, Lt. Leffler stated in a grievance response that he would power wash Mr. Morgan's cell, but as of July 2026, this had not occurred. *Id.* at 17.

From September to October of 2025, Mr. Morgan's cell also did not have running water or an operable sink and toilet. *Id.* at 9. This kept Mr. Morgan from performing his daily prayers as a Muslim because Muslims have to clean themselves to pray. *See id.* at 9–10. Mr. Morgan told Sgt. Kolarick, Lt. Leffler, Cpt. Miller, C.O. Granati, C.O. Rohlfing, Ms. Coakley, and non-party correctional officers about the inoperable sink and toilet, but no one helped him and he endured the conditions for 32 days. *Id.* at 11–17.

## III. Discussion of Complaint

Applying the screening standard to the facts alleged in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Morgan's First Amendment and Eighth Amendment claims related to not having water in his cell due to the inoperable sink and toilet must be **dismissed** as duplicative of claims that he is already pursuing in *Morgan v. Vanihel et al.*, No. 2:26-cv-00304-JPH-MJD. A lawsuit "is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012). Here, both cases allege that Mr. Morgan was deprived of running water in

October 2025 due to the inoperable sink and toilet in his cell, which made it impossible to practice his religion. Though not all the defendants overlap, he makes the allegations against many of the same defendants. He also seeks monetary damages for First and Eighth Amendment violations in both cases. The Seventh Circuit has instructed that "[t]he district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds,* 694 F.3d at 888 (cleaned up). On that basis, Mr. Morgan's First and Eighth Amendment claims related to running water due to an inoperable sink and toilet are dismissed without prejudice as duplicative. *See Jones v. Jeffreys*, 798 F. App'x 29, 31 (7th Cir. 2020) (district courts have broad discretion to dismiss duplicative suits); *Firestone Fin. LLC v. Meyer*, 881 F.3d 545, 549 (7th Cir. 2018) (summarily dismissing appeal as duplicative).

Second, claims against Cpt. Miller, Cpt. Pertle, Sgt. Kolarick, Sgt. Adams, C.O. Rohlfing, C.O. Irk, C.O. Carpenter, C.O. Skeen, C.O. Granati, Vansen, Nance, and C.O. Almstead must be **dismissed** for because the complaint does not show that they were personally involved in subjecting Mr. Morgan to the black mold in his cell. Liability for damages under § 1983 requires personal involvement. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Specifically, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Section 1983 does not recognize vicarious liability, or a supervisor's liability for his or her subordinate's conduct. *Iqbal*, 556 U.S. at 676.

Here, Cpt. Pertle, C.O. Irk, C.O. Carpenter, C. O. Skeen, Vansen, Nance, and C.O. Almstead do not appear in the body of the complaint at all. Moreover, Sgt. Kolarick, Cpt. Miller, and C.O. Rohlfing only appear in the portion of the complaint dedicated to Mr. Morgan's allegations concerning running water in his cell. The complaint does allege that Sgt. Adams and C.O. Granati were notified about the black mold, but there is no indication that they turned a blind eye to it or did anything to cause the black mold or delay fixing it. Therefore, because the complaint does not allege that these defendants did anything to subject Mr. Morgan to black mold, claims against them must be dismissed.

The Court also **dismisses** claims against Mr. Ellis. An administrative official, such as a grievance specialist, cannot be personally liable for simply acting within the scope of his administrative duties. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (explaining that "bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen."). Liability may arise, however, when an administrator "knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (internal citations and quotations omitted) (finding that prison officials may be personally liable where plaintiff submitted "coherent and highly detailed grievances and other correspondences" showing that he did not receive treatment for serious

hand injuries). Here, Mr. Morgan alleges that Mr. Ellis denied body camera footage in one of his responses to Mr. Morgan's grievances. Without more information, the Court cannot infer that Mr. Ellis's denial of body camera footage caused Mr. Morgan to be subjected to the black mold. Therefore, the Court dismisses claims against Mr. Ellis.

Third, Mr. Morgan's request to vacate his conduct history is not a cognizable form of relief in this case and must be **dismissed**. A request for injunctive relief must necessarily be tied to the specific claims for relief on which a plaintiff is proceeding. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (denying injunctive relief for a matter "lying wholly outside the issues in the suit" because injunctive relief is only appropriate "to grant intermediate relief of the same character as that which may be granted finally"); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund,* 527 U.S. 308, 326 (1999) (where the requested injunction relates to matters "lying wholly outside the issues in the suit," an injunction is beyond the power of the Court) (quoting *De Beers Consol. Mines*, 325 at 220). Mr. Morgan's complaint alleges that the Defendants violated his Eighth Amendment rights by subjecting him to black mold. This has nothing to do with his conduct history. Accordingly, this Court lacks authority to grant the relief requested. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325

U.S. at 220). Therefore, Mr. Morgan's request for his conduct history to be vacated may not proceed in this case.

The claims which shall **proceed** are the following: Eighth Amendment conditions-of-confinement claims against Lt. Leffler, C.O. Neal, and Ms. Coakley based on allegations that they knew about the black mold in Mr. Morgan's cell and failed to provide cleaning supplies or do anything to make the cell habitable.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 22, 2026,** in which to file a motion to reconsider the screening order.

The **clerk is directed** to terminate Cpt. Miller, Cpt. Pertle, Sgt. Kolarick, Sgt. Adams, C.O. Rohlfing, C.O. Irk, C.O. Carpenter, C.O. Skeen, C.O. Granati, Vansen, Nance, Michael Ellis, and C.O. Almstead as defendants on the docket.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: Eighth Amendment conditions-of-confinement claims against Lt. Leffler, C.O. Neal, and Carla Coakley. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Lt. Leffler, C.O. Neal, and Carla Coakley in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/1/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRONCO MORGAN
209989
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
Lt. Leffler
C.O. Neal
Carla Coakley

(All at Wabash Valley Correctional Facility)